JOHN D. BOWERS
Wyoming State Bar # 6-3090
Bowers Law Firm, PC
P.O. Box 1550
Afton, WY 83110
Telephone (307) 885-1000
Facsimile (307) 885-1002
john@1000.legal

*Counsel for the Plaintiff*

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2021 FEB 16  PM 2: 37

MARGARET BOTKINS, CLERK
CHEYENNE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| KAREN TALLERICO, HANNAH TALLERICO, BRIAN TALLERICO, KAREN TALLERICO AS NEXT OF FRIEND FOR CT, A MINOR, and BRIAN TALLERICO<br><br>Plaintiffs,<br><br>vs.<br><br>TREV E. DEVORE (DECEASED), THE ESTATE OF TREV E. DEVORE, SEATTLE FISH COMPANY, RYDER TRUCK RENTAL LT AND UNKNOWN BUSINESS ENTITIES 1-3<br><br>Defendants | Civil Action No. 21-CV-27-S<br><br><br><br><br><br><br><br><br><br><br>JURY TRIAL DEMANDED |

**PLAINTIFFS' ORIGINAL COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

Karen Tallerico, Hannah Tallerico and Karen Tallerico as next of friend for

CT, a minor, and Brian Tallerico, by and through their attorney, bring this complaint against the above captioned Defendants. For causes of action, the Plaintiffs show the Court the following:

## I.   PARTIES

1. Plaintiff Karen Tallerico, a resident of the State of Wyoming, sustained personal injuries as a result of a motor vehicle collision that occurred on or about July 17, 2018 on US Highway 89 between Alpine and Hoback Junction, Wyoming. Pursuant to Wyoming law, Plaintiff Karen Tallerico is the proper party to bring this action for her damages.

2. Plaintiff Hannah Tallerico is a resident of the State of Wyoming and was a passenger in the vehicle driven by Karen Tallerico during this incident. Plaintiff Hannah Tallerico is the proper party to bring this action for her damages.

3. Plaintiff Karen Tallerico is the next of friend and natural parent of CT, a minor, who was a passenger in the car driven by Karen Tallerico during this incident. Plaintiff Karen Tallerico as next of friend and parent of CT, a minor, is the proper party to bring this action for the minor's damages.

4. Plaintiff Brian Tallerico is a resident of the State of Wyoming and is the spouse of Plaintiff Karen Tallerico and natural father of Hannah Tallerico and CT, a minor. Plaintiff Brian Tallerico is the proper party to bring this action for his damages.

5. Upon information and belief of the Plaintiffs, Trev E. DeVore was an employee of Seattle Fish Company and/or unknown entities 1-3 and/or Ryder Truck Rental Lt. At the time of the accident, which is the basis of this lawsuit, he was a resident of the County of Lincoln, State of Wyoming. Upon information and belief of the Plaintiffs, Trev E. DeVore died on December 4, 2018 from natural causes unrelated to the automobile accident at issue in this case.

6. Pursuant to Wyo. Stat. § 1-38-101 *et seq.* Austin Dunlap has been appointed as the personal representative of the estate of Trev DeVore. The order

appointing Austin Dunlap as the representative for the Estate of Trev DeVore was issued by the Honorable Joseph B. Bluemel, District Court Judge for and in the County of Lincoln, State of Wyoming. This order appointing Austin Dunlap as the representative was issued in probate matter PR-2019-68-DC in the District Court for the County of Lincoln, State of Wyoming.

7. Austin Dunlap is the representative of the Estate of Trev DeVore (deceased) with a principal place of business located at 450 Rancher Street # 9, Jackson, WY 83001. Once served with process, Austin Dunlap is subject to the jurisdiction and venue of this Court.

8. The estate of Trev E. DeVore was opened within the State of Wyoming, Probate No. PR 2019-68-DC. Austin Dunlap of 450 Rancher Street # 9, Jackson WY 83001, is a Wyoming resident and is serving as the personal representative of the Trev E. DeVore estate. On January 26, 2021, the estate of Trev E. DeVore notified that Plaintiffs by certified mail, pursuant to the Wyoming Statutes that it was rejecting the claims of the Plaintiff and as such the Plaintiffs are authorized to bring the claims against the estate of Trev E. DeVore.

9. Defendant Seattle Fish Company is a foreign corporation with a principal place of business in located at 6211 East 42nd Avenue, Denver CO 80216. Once served with process, Defendant Seattle Fish Company is subject to the jurisdiction and venue of this Court.

10. Defendant Ryder Truck Rental LT is a foreign corporation with a principal place of business in located at11690 N. W. 105th Street, Corporate Tax Department, Miami, FL 33178. The Wyoming registered agent for Defendant Ryder Truck Rental LT is Corporate Creations Network, Inc. 5830 E. 2nd Street, Casper WY 85609. Once served with process, Defendant Ryder Truck Rental LT is subject to the jurisdiction and venue of this Court.

11. Defendants unknown entities 1-3 were the employer or joint employers of

Trev DeVore at the time of the automobile accident given rise to this lawsuit. At this time, the specific employer may not be known by the Plaintiffs and as such they anticipate through the discovery process, they will be able to confirm who the employers were.

12. At all times material to the motor vehicle collision which forms the basis of this action, Defendant Seattle Fish Company and/or unknown entities 1-3 and/or Defendant Ryder Truck Rental LT was an interstate motor carrier authorized to operate in the State of Wyoming for profit pursuant to one or more permits to operate by the Interstate Commerce Commission, or by the United States Department of Transportation, or both.

## II. JURISDICTION AND VENUE

13. This action is brought in the United States District Court, for the District of Wyoming based upon diversity of citizenship between the parties.

14. The Defendants committed acts and omissions complained herein, within the State of Wyoming, as referenced in this Complaint.

15. The matter in controversy between the above captioned parties exceeds seventy-five thousand ($75,000.00) dollars.

16. Pursuant to 28 U.S.C. § 1332, the above captioned action is within the Court's jurisdiction.

## III. FACTS COMMON TO ALL CLAIMS

17. On July 17, 2018 at approximately 12:10 P.M., Plaintiff Karen Tallerico was driving a 2012 Volkswagen 4D northbound on US 89 in Lincoln County, Wyoming. Her children, Hannah Tallerico and CT, a minor, were passengers in the vehicle.

18. On the same date and time, Defendant Trev DeVore was driving a semi-truck controlled and/or leased by Seattle Fish Company and/or unknown entities 1-3 and/or Ryder Truck Rental LT southbound on US 89 approaching the vehicle driven by Karen Tallerico.

19. The road conditions at the time were dry.

20. Defendant Trev DeVore failed to maintain the lane of travel and drifted into the northbound lane and struck one vehicle before striking the vehicle driven by Karen Tallerico and occupied by her two children Hannah Tallerico and a minor child.

21. Defendant Trev DeVore struck the vehicle driven by Karen Tallerico and occupied by her two children Hannah Tallerico and CT, a minor, on the front driver's side front. The impact point was approximately driver's side headlight. Defendant Trev DeVore continued to travel down the entire driver's side of Karen Tallerico's vehicle causing extreme damages. On impact the rear of Karen Tallerico's vehicle was thrown into the guardrail face. Her vehicle lost the front driver's side tire/axle causing it to serve to the left.

22. The collision caused by Defendant Trev DeVore caused traumatic injuries to Karen Tallerico and her children.

## CLAIMS

### COUNT ONE, NEGLIGENCE OF DEFENDANT TREV DEVORE

23. Plaintiffs incorporate herein by reference the allegations of the previous paragraphs of this Complaint as if each were fully set forth herein in their entirety.

24. At all times material hereto, Defendant Trev DeVore was a professional driver with a commercial driver's license.

25. At all times material hereto, Defendant Trev DeVore was driving a semi-truck in interstate commerce and was subject not only Wyoming traffic laws and trucking safety regulations, but also the Federal Motor Carrier Safety Regulations.

26. Defendant Trev DeVore was negligent in the operation of the semi-truck he was driving in at least the following ways:

(a) Failure to maintain a proper and diligent lookout;

(b) Failure to maintain his lane;

(c) Failure to maintain control his vehicle;

(d) Driving too fast for conditions;

(e) Violation of Wyoming traffic laws, including: W.S 31-5-301(a) (speeding); 31-5-201 (driving on right side of roadway); 31-5-209 (Driving on roadways laned for traffic); 31-5-205 (driving left of center); 31-5-229 (Reckless Driving); and 31-5-236 (Careless Driving), and other traffic violations to be proven at trial, which violations constitute negligence per se;

(f) Violation of Federal Motor Carrier Safety Regulations, including, without limitation: failing to exercise extreme caution in the operation of a vehicle as required by FMCSR 392.14; failing to adhere to hours of service regulations FMCSR Section 395, and other FMCSRs, all of which violations constitute negligence per se; and

(g) Otherwise failing to act reasonably and prudently as a professional commercial driver under the circumstances.

27. As a direct and proximate result of the negligence of Defendant Trev DeVore, Plaintiff Karen Tallerico sustained serious personal injuries and non-economic damages (including without limitation, disability, loss of ability to labor, loss of enjoyment of life, anxiety, pain and suffering and emotional distress).

28. As a direct and proximate result of the negligence of Defendant Trev DeVore, Karen Tallerico's children, Hannah Tallerico and CT, a minor, child sustained serious personal injuries and non-economic damages (including without limitation, disability, loss of ability to labor, loss of enjoyment of life, anxiety, pain and suffering and emotional distress).

29. Defendant Trev DeVore is liable to for all damages allowed by law for the injuries, damages, and losses sustained by Plaintiffs in this case.

## COUNT TWO, NEGLIGENCE OF SEATTLE FISH COMPANY
## AND/OR UNKNOWN ENTITES 1-3 AND/OR RYDER TRUCK RENTAL LT

30. Plaintiffs incorporate all previous paragraphs of this Complaint as if each were fully set forth herein in their entirety.

31. At all times material hereto, Defendant Trev DeVore, was an employee or agent of Defendant Seattle Fish Company and/or unknown entities 1-3 and/or Ryder Truck Rental LT, acting within the scope and course of his employment or agency.

32. Defendant Seattle Fish Company and/or unknown entities 1-3 and/or Ryder Truck Rental LT is liable for the negligent actions and omissions of Defendant Trev DeVore pursuant to the doctrine of *respondeat superior* and the rules of agency.

33. As an employer, Defendant Seattle Fish Company and/or unknown entities 1-3 and/or Ryder Truck Rental LT was also <u>independently</u> negligent in hiring, training, entrusting, supervising, and retaining Defendant Trev DeVore in connection with its operation of a commercial motor vehicle and for otherwise failing to act as a reasonable and prudent trucking company under the same or similar circumstances.

34. Defendant Seattle Fish Company and/or unknown entities 1-3 and/or Ryder Truck Rental LT was at all relevant times a motor carrier as defined by the Federal Motor Carrier Safety Regulations and was engaged in interstate commerce. As such, Defendant Seattle Fish Company and/or unknown entities 1-3 and/or Ryder Truck Rental LT was at all relevant times subject to the Federal Motor Carrier Safety Regulations.

35. As a motor carrier, Defendant Seattle Fish Company and/or unknown entities 1-3 and/or Ryder Truck Rental LT had certain duties and responsibilities as defined by the Federal Motor Carrier Safety Regulations and industry standards, including the duty to properly qualify Defendant Trev DeVore, the duty to properly train Defendant Trev DeVore the duty to supervise the hours of service of Defendant Trev DeVore, the duty to properly maintain its vehicles, and the duty to otherwise

establish and implement necessary management controls and systems for the safe operation of its commercial motor vehicles.

36. Defendant Seattle Fish Company and/or unknown entities 1-3 and/or Ryder Truck Rental LT was also <u>independently</u> negligent failing to meet its duties and responsibilities under the Federal Motor Carrier Safety Regulations and industry standards.

37. As a direct and proximate result of the negligence of Defendant Seattle Fish Company and/or unknown entities 1-3 and/or Ryder Truck Rental LT, Plaintiff Karen Tallerico sustained serious personal injuries and non-economic damages (including without limitation, disability, loss of ability to labor, loss of enjoyment of life, anxiety, pain and suffering and emotional distress).

38. As a direct and proximate result of the negligence of Defendant Seattle Fish Company and/or unknown entities 1-3 and/or Ryder Truck Rental LT, Plaintiff Karen Tallerico's children Hannah Tallerico and CT, a minor, sustained serious personal injuries and non-economic damages (including without limitation, disability, loss of ability to labor, loss of enjoyment of life, anxiety, pain and suffering and emotional distress).

39. Defendant Seattle Fish Company and/or unknown entities 1-3 and/or Ryder Truck Rental LT is liable to for all damages allowed by law for the injuries, damages, and losses sustained by Plaintiffs in this case.

## COUNT THREE BRIAN TALLERICO'S LOSS OF CONSORTIUM AGAINST ALL DEFENDANTS

40. Plaintiffs incorporate the allegations of the preceding paragraphs of this Complaint as if each were set forth fully herein in their entirety.

41. As a direct and proximate result of the negligence of Defendant Trev DeVore, deceased, and all Defendants, Plaintiff Brian Tallerico has been deprived of the society, services and conjugal affection of his wife, Karen Tallerico.

## COUNT FOUR DAMAGES

42. Plaintiffs incorporate the allegations of the preceding paragraphs of this Complaint as if each were set forth fully herein in their entirety.

43. Each of the Defendants acted in a manner which either alone or combined and concurring with the actions of the other Defendants' acts of negligence, directly and proximately caused the collision and the resulting injuries to Karen Tallerico and the resulting injuries to Karen Tallerico's children, Hannah Tallerico and a minor child.

44. Karen Tallerico is entitled to recover all economic damages, including without limitation all medical expenses and lost wages; as well as all non-economic damages, including without limitation, damages for disability, loss of ability to labor, loss of enjoyment of life, severe emotional distress, physical and emotional pain and suffering and all other damages permitted under Wyoming law.

45. Karen Tallerico as next of friend and parent of CT, a minor, is entitled to recover all economic damages, including without limitation all medical expenses and lost wages; as well as all non-economic damages, including without limitation, damages for disability, loss of ability to labor, loss of enjoyment of life, severe emotional distress, physical and emotional pain and suffering and all other damages permitted under Wyoming law.

46. Hannah Tallerico is entitled to recover all economic damages, including without limitation all medical expenses and lost wages; as well as all non-economic damages, including without limitation, damages for disability, loss of ability to labor, loss of enjoyment of life, severe emotional distress, physical and emotional pain and suffering and all other damages permitted under Wyoming law.

47. Brian Tallerico is entitled to recover all economic damages, including without limitation all medical expenses and lost wages; as well as all non-economic damages, including without limitation, damages for disability, loss of ability to labor,

loss of enjoyment of life, severe emotional distress, physical and emotional pain and suffering and all other damages permitted under Wyoming law.

## COUNT FOUR PUNITIVE DAMAGES

48. Plaintiffs repeat, reallege and incorporate the allegations of the preceding paragraphs of this Complaint as if each were fully set forth herein in their entirety.

49. Each of Defendants' acts were willful, wanton, and demonstrated that entire want of care which raises the presumption of a conscious indifference to consequences.

50. Accordingly, Defendants are liable to Plaintiffs for punitive damages to punish, penalize, and deter Defendants from similar conduct in the future.

## JURY DEMAND

The Plaintiffs respectfully requests that this matter be tried to a jury.

WHEREFORE, the Plaintiffs pray for damages against the Defendants for all injuries and damages described within this Complaint, for all damages as allowed under the laws of the State of Wyoming and for such other further relief as this Court deems is equitable and proper.

RESPECTFULLY SUBMITTED this ___ day of February 2021.

JOHN D. BOWERS
Bowers Law Firm, PC
P.O. Box 1550
Afton, WY 83110

*Counsel for the Plaintiffs*